## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| QUINTEZ TALLEY, | : | Civil No. 3:15-CV-01698 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Judge Jennifer P. Wilson |
| | : | |
| JOHN E. WETZEL, *et al.*, | : | |
| | : | |
| Defendants. | : | Magistrate Judge Karoline Mehalchick |

### MEMORANDUM

Before the court are two motions for summary judgment filed by the Defendants; a report and recommendation issued by United States Magistrate Judge Karoline Mehalchick, which recommends granting the motions with respect to all federal claims and declining to exercise jurisdiction over the remaining state law claims; and objections to the report and recommendation filed by Plaintiff Quintez Talley ("Talley").  (Docs. 167–68, 180, 183–84.)  For the reasons that follow, the report and recommendation is adopted in its entirety, Talley's objections are overruled, the motions for summary judgment are granted with respect to Talley's federal claims, and Talley's state law claims are dismissed without prejudice.

### STANDARD OF REVIEW

When a party objects to a magistrate judge's report and recommendation, the district court is required to conduct a de novo review of the contested portions of the report and recommendation.  28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3);

1

*Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989).  The district court may

accept, reject, or modify the magistrate judge's report and recommendation in

whole or in part.  28 U.S.C. § 636(b)(1).  The district court may also receive

further evidence or recommit the matter to the magistrate judge with further

instructions.  *Id.*  "Although the standard is de novo, the extent of review is

committed to the sound discretion of the district judge, and the court may rely on

the recommendations of the magistrate judge to the extent it deems proper."

*Weidman v. Colvin*, 164 F. Supp. 3d 650, 653 (M.D. Pa. 2015) (citing *Rieder v.

Apfel*, 115 F. Supp. 2d 496, 499 (M.D. Pa. 2000)).

De novo review is not required for portions of a report and recommendation

to which no objections have been raised.  *Univac Dental Co. v. Dentsply Int'l, Inc.*,

702 F. Supp. 2d 465, 469 (M.D. Pa. 2010) (citing *Thomas v. Arn*, 474 U.S. 140,

149 (1985)).  Instead, the court is only required to "satisfy itself that there is no

clear error on the face of the record in order to accept the recommendation."  *Id.*

(quoting Fed. R. Civ. P. 72 advisory committee's note to 1983 addition).

### SUMMARY JUDGMENT STANDARD

A court may grant a motion for summary judgment when "there is no

genuine dispute as to any material fact and the movant is entitled to judgment as a

matter of law."  Fed. R. Civ. P. 56(a).  A dispute of fact is material if resolution of

the dispute "might affect the outcome of the suit under the governing law."

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Summary judgment is not precluded by "[f]actual disputes that are irrelevant or unnecessary." *Id.*  "'A dispute is genuine if a reasonable trier-of-fact could find in favor of the nonmovant' and 'material if it could affect the outcome of the case.'" *Thomas v. Tice*, 943 F.3d 145, 149 (3d Cir. 2019) (quoting *Lichtenstein v. Univ. of Pittsburgh Med. Ctr.*, 691 F.3d 294, 300 (3d Cir. 2012)).

In reviewing a motion for summary judgment, the court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor.  *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 288 (3d Cir. 2018) (citing *Scheidemantle v. Slippery Rock Univ. State Sys. of Higher Educ.*, 470 F.3d 535, 538 (3d Cir. 2006)).  The court may not "weigh the evidence" or "determine the truth of the matter." *Anderson*, 477 U.S. at 249.  Instead, the court's role in reviewing the facts of the case is "to determine whether there is a genuine issue for trial." *Id.*

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).  The non-moving party must then

oppose the motion, and in doing so "'may not rest upon the mere allegations or denials of his pleadings' but, instead, 'must set forth specific facts showing that there is a genuine issue for trial. Bare assertions, conclusory allegations, or suspicions will not suffice.'" *Jutrowski*, 904 F.3d at 288–89 (quoting *D.E. v. Cent. Dauphin Sch. Dist.*, 765 F.3d 260, 268–69 (3d Cir. 2014)).

Summary judgment is appropriate where the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## PROCEDURAL HISTORY

On November 6, 2017, Talley, a self-represented litigant, filed his third amended complaint, which remains the operative pleading in this case. (Doc. 125.) The amended complaint raises constitutional claims under 42 U.S.C. § 1983 and related state law claims arising from Talley's incarceration at the State Correctional Institution at Benner Township ("SCI Benner"). (*Id.*) Among other

defendants, the amended complaint names as defendants the individual members of

SCI Benner's Program Review Committee ("PRC").  (*Id.*)  On June 14, 2018,

Defendants Douglas Bopp, Amy Cartwright, Nicole Cramer, Scott Ellenberger,

Tammy Ferguson, Lee Glass, Timothy Graham, Jerrold Lincoln, Dave Link, Bobbi

Jo Salamon, Robert Smith, Tammy Sunderland, Drew Westover, John E. Wetzel,

and Randy Zimmerman filed an answer to the plaintiff's complaint.  (Doc. 141.)

On May 29, 2019, Defendants Bopp, Ellenberger, Ferguson, Glass, Graham,

Lincoln, Link, Salamon, and Wetzel (collectively referred to as the "Supervisory

Defendants") filed a motion for summary judgment.  (Doc. 167.)  That same day,

Defendants Cartwright, Cramer, Smith, Sunderland, Westover, and Zimmerman

(collectively referred to as the "Staff Defendants") also filed a motion for summary

judgment.  (Doc. 168.)

Judge Mehalchick addressed the motions for summary judgment in a report

and recommendation on January 29, 2020.  (Doc. 180.)  Talley objected to the

report and recommendation on March 5, 2020.  (Docs. 183–84.)  The case was

reassigned to the undersigned to act as the presiding judge on March 25, 2020.

### THE REPORT AND RECOMMENDATION AND OBJECTIONS

In the report and recommendation, Judge Mehalchick recommends granting

both motions for summary judgment.  Judge Mehalchick first addresses the

Supervisory Defendants' motion.  (Doc. 180 at 11.)  Judge Mehalchick concludes

that summary judgment should be granted as to Talley's Eighth Amendment claims for lack of personal involvement, and that summary judgment should be granted as to Talley's Fourteenth Amendment equal protection claim because Talley has not presented any evidence of purposeful discrimination. (*Id.* at 13–16.)

Next, Judge Mehalchick addresses the Staff Defendants' motion. (*Id.* at 19.) With respect to Talley's Eighth Amendment claim against Defendant Cartwright, Judge Mehalchick recommends granting summary judgment for Talley's failure to exhaust his administrative remedies. (*Id.* at 20–21.) Judge Mehalchick further recommends granting summary judgment as to Talley's Eighth Amendment claim against Defendant Cramer for a lack of deliberate indifference. (*Id.* at 21–24.) As to Talley's First Amendment claim against Defendant Zimmerman, Judge Mehalchick states that summary judgment should be granted because Talley fails to establish that his conduct was constitutionally protected or that Defendant Zimmerman's conduct was connected to Talley's conduct. (*Id.* at 24–27.) Judge Mehalchick also recommends granting summary judgment as to Talley's First Amendment claim against Defendant Smith for failure to establish causation. (*Id.* at 27–28.)

Finally, Judge Mehalchick recommends that the court decline to exercise supplemental jurisdiction over Talley's remaining state law claims under 28 U.S.C.

§ 1367(c)(3).  (*Id.* at 29–30.)  Talley raises several objections to the report and recommendation, which the court addresses below.  (Doc. 184.)

## DISCUSSION

At the outset, the court will address the portions of the report and recommendation to which no objections have been raised, which the court reviews only for clear error.  *See Univac Dental Co.*, 702 F. Supp. 2d at 469.  Having conducted such a review, the court finds no clear error on the face of the record and adopts those portions of the report and recommendation.

### A. Talley's First Objection Is Overruled

Talley's first objection is that summary judgment should not be granted as to his Eighth Amendment claim against the Supervisory Defendants because he established their personal involvement in his ongoing harassment.  (Doc. 184 at 2–4.)  Talley splits this objection into two arguments, neither of which withstand judicial scrutiny.

First, Talley argues that Defendant Wetzel should not be granted summary judgment because Defendants have not met their burden to establish that there is no genuine issue of material fact.  (*Id.* at 2.)  Defendants, Talley argues, "fail to cite to one piece of evidence" to support their argument that Defendant Wetzel is entitled to summary judgment.  (*Id.*)

This argument misapprehends the standards governing motions for summary judgment.  As the Supreme Court has noted, a party is entitled to summary judgment if the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex*, 477 U.S. at 322.  Thus, the moving party's burden at the summary judgment stage "may be discharged by 'showing'— that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case."  *Id.* at 325.  Here, the report and recommendation finds that there is no evidence to support a finding that Defendant Wetzel was personally involved in the violation of Talley's rights.  (Doc. 180 at 14.)  This court has reviewed the record and agrees with that conclusion.  Defendants are accordingly entitled to summary judgment.  *Celotex*, 477 U.S. at 322.

Talley's second argument is that the other Supervisory Defendants are not entitled to summary judgment because Talley produced sufficient evidence of their personal involvement to go to trial.  (Doc. 184 at 3–4.)  To support this argument, Talley points to the allegations of his complaint, testimony from his deposition that the PRC was involved in the deprivation of his rights, and grievances that he filed that also indicated that the PRC was involved in the deprivation of his rights.  (*Id.*)

Talley's argument is unavailing.  A defendant's membership on the PRC is not by itself sufficient to establish his personal involvement in an alleged wrong. *See, e.g.*, *Thomas v. Tice*, 948 F.3d 133, 139 (3d Cir. 2020); *Washington v. Showalter*, 494 F. App'x 268, 272 (3d Cir. 2012).  Rather, there must be evidence that each defendant was personally involved in the alleged wrong.  *Id.*  Judge Mehalchick found that no such evidence had been produced in this case, *see* Doc. 180 at 14, and this court agrees.  Therefore, Talley's first objection will be overruled, and summary judgment will be entered in favor of the Supervisory Defendants as to Talley's Eighth Amendment claims against them.

## B. Talley's Second Objection Is Overruled Because He Failed to Prove Purposeful Discrimination

Talley next objects that summary judgment should be denied as to his Fourteenth Amendment equal protection claim which alleges that Defendants Glass, Salamon, Link, Graham, and Lincoln violated his rights when they took another prisoner off movement restriction before him even though he and the other prisoner committed the same misconduct.  (Doc. 125 at 11.)  Talley argues that the claim should survive summary judgment because he and the other prisoner were treated differently.  (Doc. 184 at 4–5.)  As Judge Mehalchick correctly notes, however, evidence of differing treatment is not enough to establish an equal protection violation absent evidence of intentional discrimination.  (Doc. 180 at 18–19 (citing *Millard v. Hufford*, 415 F. App'x 348, 349–50 (3d Cir. 2011)).)

9

Talley has failed to produce any evidence of intentional discrimination, and Defendants are accordingly entitled to summary judgment as to his equal protection claim.

### C. Talley's Third Objection Is Overruled

Talley's third objection is that the report and recommendation erred by recommending summary judgment for Defendant Cartwright based on Talley's failure to exhaust administrative remedies.  (Doc. 184 at 5–6.)  Talley argues that summary judgment should be denied because his grievances were "backdated," which resulted in them being dismissed as untimely, and because some grievance documents were not returned to him in a timely fashion.  (*Id.*)

Talley's argument is belied by the record.  As Judge Mehalchick correctly points out, Talley filed the relevant grievance on August 14, 2014 and received an initial response on October 8, 2014.  (*See* Doc. 169-3 at 59; Doc. 169 ¶ 66; Doc. 173 ¶ 66.)  At that point, Talley was required to file an appeal within fifteen working days, or no later than October 30, 2014.[1]  (Doc. 169 ¶ 56; Doc. 173 ¶ 56.)  Talley did not file his appeal, however, until November 20, 2014.  (Doc. 169-3 at 52.)  Although Talley asserts that this delay was due to his being transferred from SCI Benner to SCI Greene on October 27, 2014, he does not offer any evidence as

---

[1] The court assumes that Columbus Day, which fell on October 13, 2014, did not qualify as a working day.  *See Jutrowski*, 904 F.3d at 288 (noting that court must make all reasonable inferences in non-movant's favor).

to why the transfer led to him waiting to file his appeal until November 20, 2014, other than the conclusory and unsupported assertion that he filed the appeal immediately after gaining access to his transferred property at SCI Greene.  (Doc. 184 at 6.)  Therefore, because Talley has not produced any evidence to rebut the conclusion that he failed to exhaust administrative remedies, his third objection is overruled.

**D. Talley's Fourth Objection Is Overruled**

Talley's fourth objection arises from Judge Mehalchick's recommendation that Defendant Cramer be granted summary judgment.  Judge Mehalchick recommends summary judgment because a single incident of the denial of medication does not violate the Eighth Amendment.  (Doc. 180 at 23–24.)  Talley argues that this recommendation constitutes a factual error because "[t]he denial of [his] medication was not an incident unto itself, but one part of a 'campaign of harassment' unrelated to prison needs."  (Doc. 184 at 7.)  Talley does not offer any evidence to support this argument, and the court agrees with Judge Mehalchick's conclusion that a single denial of medication is not by itself sufficient to violate the Eighth Amendment.  *See, e.g.*, *Ayala v. Terhune*, 195 F. App'x 87, 91 (3d Cir. 2006)).)  Talley's fourth objection is accordingly overruled.

### E. Talley's Fifth Objection Is Overruled

Talley's fifth objection is that Defendant Smith should not be granted summary judgment as to Talley's retaliation claim because the record contains sufficient evidence to find a causal nexus between Talley reporting Defendant Smith for using excessive force and Smith subsequently mismarking Talley's mail. (Doc. 184 at 8–9.)  The only evidence Talley offers to support this argument, however, is an allegation from his complaint, which is insufficient to survive summary judgment.  *See Jutrowski*, 904 F.3d at 288–89 (noting that a party opposing summary judgment "may not rest upon the mere allegations or denials of his pleadings but, instead, must set forth specific facts showing that there is a genuine issue for trial.  Bare assertions, conclusory allegations, or suspicions will not suffice." (internal quotation marks omitted)).  The court accordingly agrees with Judge Mehalchick's conclusion that there is insufficient evidence to establish a causal connection between Talley's actions and Smith's alleged retaliation.

### CONCLUSION

For the foregoing reasons, Judge Mehalchick's report and recommendation is adopted in its entirety, Talley's objections are overruled, Defendants' motions for summary judgment are granted with respect to Talley's federal claims, and the

court declines to exercise supplemental jurisdiction over Talley's remaining state law claims.  An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated: September 22, 2020